# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DANIEL MUNIZ,

       Petitioner,

vs.                                                                   No. CV 13-0477 JAP/WPL

JOSEPH GARCIA, Warden and
GARY K. King, New Mexico
Attorney General,

       Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Daniel Muniz, proceeding pro se, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2254 alleging that his constitutional rights were violated throughout the plea bargaining phase of his state criminal proceedings. (Doc. 1.) Respondents Joseph Garcia, Warden of the Central New Mexico Correctional Facility, and Gary K. King, New Mexico Attorney General, filed an answer to Muniz's petition requesting that the Court dismiss the petition with prejudice. (Doc. 10.) The Court referred this case to me to make findings of fact, conduct legal analysis, and recommend an ultimate disposition. (Doc. 5.) Having reviewed the pleadings, record, and relevant law, I recommend that the Court deny Muniz's petition and dismiss this case with prejudice.

### FACTUAL & PROCEDURAL BACKGROUND

On June 18, 2010, Muniz was charged with nine counts of second-degree criminal contact of a minor under the age of thirteen and three counts of first-degree sexual penetration of a minor under the age of thirteen. (Doc. 10 Ex. D; Doc. 10 Ex. E.) Muniz was originally

represented by William Perkins, but Perkins withdrew from the case and David M. Lopez was appointed as Muniz's counsel. (Doc. 1 at 6; Doc. 10 at 2.)

Shortly before December 15, 2010,[1] District Attorney Mary Lynn Newell interviewed witness Sandy Wilson. (Doc. 1 at 10.) Allegedly, Newell told Wilson that Lopez had been put on Muniz's case to "break him" and intimidate him into accepting a plea deal. (*Id.*; Doc. 1 Ex. 1 at 11.) Wilson believed that neither Newell nor Lopez wanted Muniz to go to trial. (Doc. 1 Ex. 1 at 11.) Shortly after the interview, Wilson disclosed to Muniz the details of the conversation, and the day after the interview, Muniz drafted a letter to Judge Henry R. Quintero explaining the incident. (*Id.* at 13.) Muniz believed that Lopez wanted to force him to plead guilty, and he requested a continuance and alternative counsel. (*Id.*) Muniz claims that he brought the letter to court, but Lopez prevented him from presenting it to the judge. (Doc. 1 at 7-8.)

On December 15, 2010, while represented by Lopez, Muniz executed a plea agreement in which he pled guilty to nine counts of sexual contact of a minor under the age of thirteen, and the State agreed to dismiss the three first-degree counts. (Doc. 10 Ex. F.) Included in the plea agreement was an appellate waiver provision. (*Id.* at 3.) Judge Quintero approved the plea agreement on the same day and asked Muniz if he wished to give up his constitutional right to a trial and whether his plea was voluntarily and not as a result of force, threats, or promises. (*Id.* at 4-5; Hearing Transcript ("HT") at 9-11.) Muniz answered in the affirmative. (HT at 9-11.)

Judge Quintero entered a judgment the same day, sentencing Muniz to eighteen years' imprisonment, twelve of which he suspended, for a total of six years' imprisonment, supervised probation for five to twenty years, and a parole term of five years to the length of Muniz's

---

[1] Muniz does not state the day on which Wilson met with Newell, but Muniz's state court petition for habeas corpus confirms that this conversation occurred shortly before December 15, 2010. (Doc. 10 Ex. Z at 4.) His state court petition explained that he pled guilty because he feared that he would not have a fair trial since he believed Lopez would retaliate against him. (*Id.*)

natural life. (Doc. 1 Ex. A.) Judge Quintero amended the judgment on April 19, 2011, in order to award Muniz pre- and post-confinement credit. (Doc. 10 Ex. B.)

On April 27, 2011, Muniz, acting pro se, filed a Notice of Appeal, which stated that he wished to appeal the judgment and sentence and claimed that he had not received a copy of the final judgment and sentence. (Doc. 10 Ex. G.) Newell filed a response on behalf of the State, indicating that the documents had been sent to Muniz (Doc. 10 Ex. H), and Lopez filed a reply confirming that the amended judgment had been sent (Doc. 10 Ex. I).

On May 10, 2011, Lopez filed a Notice of Conflict of Interest in state court, indicating that there was an unspecified conflict of interest and independent counsel should be appointed to represent Muniz. (Doc. 10 Ex. J.) The court granted Lopez's motion to withdraw and appointed Thomas Guerra as Muniz's counsel. (Doc. 10 Ex. K.) Soon thereafter, Guerra filed a supplemental notice of appeal on behalf of Muniz. (Doc. 10 Ex. L.)

Although Muniz was represented by counsel, he filed a pro se docketing statement on June 11, 2011, which prompted the state court to issue an order to show cause why Guerra had not filed the docketing statement on behalf of his client. (Doc. 10 Ex. M.) Guerra promptly complied and filed a docketing statement that raised two issues for appeal. (Doc. 10 Ex. N.) First, Muniz argued that the trial court erred in accepting his guilty plea because he had "demonstrated obvious misgivings regarding his acceptance of said agreement" and that the charges on the plea agreement were not supported by sufficient evidence. (*Id*. at 3.) Second, he claimed that Lopez was constitutionally ineffective because he refused to thoroughly investigate the charges brought against him and would not allow him to go to trial. (*Id*.) Muniz later expanded his ineffective assistance of counsel claim, alleging that: (1) Lopez failed to investigate the case and prepare for the possibility of trial; (2) Lopez ignored his repeated requests to go to

trial, telling Muniz that he was a pedophile and the case would not go to trial; (3) Lopez failed to provide Muniz information about the State's discovery; (4) Lopez refused to give Judge Quintero the letter that Muniz had written regarding collusion with the District Attorney; and (5) Lopez had colluded with the District Attorney to force Lopez into taking a plea. (Doc. 10 Ex. P at 7.) The appellate court considered these additional claims before ruling on the merits. (Doc. 10 Ex. R at 7; Doc. 10 Ex. T at 6.)

The state appellate court issued a notice of a proposed summary disposition on September 27, 2011. (Doc. 10 Ex. O.) As to the first issue, the court found that Muniz "voluntarily and knowingly entered the plea" and that Lopez had fully advised him of the consequences of his plea. (*Id*. at 2.) Accordingly, Muniz had waived the right to appeal the sufficiency of the evidence. (*Id*. at 3.) The court also concluded that Muniz never informed the district court of "his misgivings regarding the plea, and he never asked the court to set aside his plea." (*Id*.) Since his arguments were not supported by the record, the appellate court declined to set aside the plea agreement. (*Id*.)

Turning to the second issue of ineffective assistance of counsel, the court applied a two-pronged test to determine whether: (1) Lopez's performance fell below the standard of a reasonably competent attorney, and (2) Muniz was prejudiced by Lopez's performance. (*Id*. at 4.) The court noted that the nature of the discussions between Muniz and Lopez regarding the plea agreement and the details of Lopez's investigations were not part of the record on direct appeal. (*Id*. (citing *State v. Telles*, 973 P.2d 845 (N.M. 1999)).) Further, the court concluded that the evidence in the record revealed that the plea was strategic since all three first-degree felony charges were dismissed. (*Id*. at 4-5.) Thus, the court found that Lopez had not provided ineffective assistance of counsel.

After considering two sets of objections from Muniz, the appellate court entered a final memorandum opinion on March 22, 2012, affirming the lower court on the grounds articulated in the first and second proposed summary disposition. (Doc. 10 Ex. T.)[2] On April 5, 2012, Muniz petitioned for a writ of certiorari with the assistance of counsel (Doc. 10 Ex. U), raising his ineffective assistance of counsel claim and the sufficiency of the evidence claim (*id*. at 2). His petition for a writ of certiorari was denied on May 25, 2012.

On August 20, 2012, acting pro se, Muniz filed a petition for a writ of habeas corpus in state district court alleging ineffective assistance of counsel, prosecutorial misconduct, the use of false testimony, withholding discovery, failure to afford petitioner "the right of allocution," and government intrusion into the attorney-client relationship. (Doc. 10 Ex. Z.) Additionally, he raised for the first time that Lopez failed to perfect an appeal despite his clear intent to appeal the case. (Doc. 10 Ex. Z at 6.) In his petition, Muniz requested an evidentiary hearing[3] and the appointment of counsel. (*Id*. at 10.) He attached a copy of his final judgment, Wilson's written statement explaining her conversation with Newell, and a copy of the letter he wrote to Judge Quintero that Lopez allegedly prohibited Muniz from delivering to the judge. (*Id*. at 12-21.)

The state district court dismissed Muniz's habeas corpus petition on September 19, 2012. (Doc. 10 Ex. AA.) The court noted that these claims had already been raised in his direct appeal, but Muniz had asked for reconsideration and an opportunity to introduce new evidence. (*Id*. at 1.) The court reviewed Muniz's Plea and Disposition Hearing held on December 15, 2010, but did not conduct a separate hearing on his ineffective assistance of counsel claims. (*Id*.) Without any

---

[2] The state court also ruled on matters relating to the calculation of Muniz's sentence, but these issues are not before me now, so I will not discuss them.

[3] Muniz did not explicitly request a hearing, but he did ask "to have any evidence or exhibits entered into the record," which I liberally construe as a request for an evidentiary hearing in addition to a request to expand the record to include his two attached exhibits. (Doc. 10 Ex. Z at 10.)

legal analysis, the Court concluded "[n]othing in [Muniz's] Petition plainly sets out entitlement to relief." (*Id*. at 2.)

Muniz filed a petition for a writ of certiorari with the Supreme Court of New Mexico on January 31, 2013. (Doc. 10 Ex. BB.) The deputy clerk of court responded to the petition, informing Muniz that the petition should have been filed before or on October 19, 2012, and that under the supreme court's rules, it could not accept a late petition for a writ of certiorari for any reason. (Doc. 10 Ex. BB.) Muniz filed a motion for reconsideration of his petition in on April 25, 2013, and the Supreme Court of New Mexico denied his motion on May 7, 2013. (Doc. 10 Ex. CC.)

About two weeks later, Muniz filed the present petition for habeas corpus. (Doc. 1.) In his motion he alleges six grounds for relief, which can roughly be categorized as ineffective assistance of counsel claims against Perkins and Lopez and prosecutorial misconduct claims against Newell. (*Id*. at 5-11.) Respondents filed an answer that also moved to dismiss the petition in part as procedurally bared and in part for failure to state a claim. (Doc. 10.) Muniz did not file a response to Respondents' answer.

### STANDARD OF REVIEW

This petition was filed on May 23, 2013, which is after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), so AEDPA's standards apply to guide this Court's determinations. *See, e.g.*, *Abdul-Kabir v. Quarterman*, 550 U.S. 233, 246 (2007); *DeLozier v. Sirmons*, 531 F.3d 1306, 1319 (10th Cir. 2008). AEDPA requires federal courts to "be exquisitely deferential to the state court's resolution of the defendant's claims" when evaluating § 2254 habeas petitions. *Black v. Workman*, 682 F.3d 880, 891 (10th Cir. 2012). The Supreme Court aptly described AEDPA as establishing "a difficult to meet and highly

deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) (citations and internal quotation marks omitted). Accordingly, if the state court adjudicates the merits of a claim, federal court habeas relief is only available if the decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (2012). When assessing whether the state court's decision was unreasonable, the court must consider the decision "in light of the record the court had before it." *See Holland v. Jackson*, 542 U.S. 649, 652 (2004) (citing *Yarborough v. Gentry*, 540 U.S. 1, 6 (2003) (per curiam); *Miller-El v. Cockrell*, 537 U.S. 322, 348 (2003)).

A state court's decision is contrary to law if the rule that it applies clearly contradicts governing law, as established by the Supreme Court, or if it decides a case differently than the Supreme Court did when presented with materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405, 413 (2000). The decision is an unreasonable application of law if the state court applied clearly established federal law in an objectively unreasonable manner. *Id.* at 409. "[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Renico v. Lett*, 559 U.S. 766, ---, 130 S. Ct. 1855, 1862 (2010) (quoting *Williams*, 529 U.S. at 410) (internal quotation marks omitted) (emphasis in original). "Indeed, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* (quotation and internal quotation marks omitted). If the court

determines that the state court decision is not entitled to deference under § 2254(d), it must evaluate the petitioner's claims de novo. *Wiggins v. Smith*, 539 U.S. 510, 534 (2003).[4]

It is not uncommon for a state court to summarily dismiss a petitioner's claims for relief. Such summary dismissals are presumed to be an "adjudication on the merits" even if the court provided no reasoning to support its decision. *Harrington v. Richter*, 562 U.S. ---, ---, 131 S. Ct. 770, 785 (2011). This presumption may be overcome only if "there is reason to think some other explanation for the state court's decision is more likely." *Id*. Even if the state court does not explain its reasoning, the petitioner must show that "there was no reasonable basis for the state court to deny relief." *Id*. at 784; *see Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999) (clarifying that under AEDPA, "we owe deference to the state court's *result*, even if its reasoning is not expressly stated.").

Just as the reviewing federal court must show deference to the state court's determination of the law, it must also show deference to its determination of the facts. A petition for habeas

---

[4] Since Muniz has raised ineffective assistance of counsel claims, I have considered whether the Supreme Court's recent decisions in *Martinez v. Ryan*, 566 U.S. ---, ---, 132 S. Ct. 1309, 1316 (2012), and *Trevino v. Thaler*, 569 U.S. ---, ---, 133 S. Ct. 1911 (2013), extend to New Mexico criminal appellate procedures and require me to perform a de novo review of his claims. Under these cases, when the

> [S]tate procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal . . . "[A] procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."

*Trevino,* 133 S. Ct. at 1921 (quoting *Martinez*, 132 S. Ct. at 1320). However, I do not believe that this exception applies. First, I note that unlike *Trevino* and *Martinez*, Muniz did bring an ineffective assistance of counsel claim in his first direct appeal and in a later state habeas action. Second, *Trevino* and *Martinez* focus on the ineffective assistance of counsel at trial, and the occurrence of a trial was a specific part of the analysis in both cases. *See Trevino*, 133 S. Ct. at 1921; *Martinez*, 132 S. Ct. at 1315. Specifically, *Trevino*'s emphasis on the lack of a meaningful review focused on the interaction between Texas' deadlines for appeal, the difficulty of developing a proper trial record when there is ineffective assistance of counsel, and procuring the necessary transcripts. *See* 133 S. Ct. at 1918. Muniz did not go to trial and he did raise an ineffective assistance of counsel claim in his direct appeal, so the exception to § 2254 review as outlined by *Trevino* and *Martinez* does not apply.

corpus will not be granted unless the adjudication of the claim "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *See* 28 U.S.C. § 2254(d)(2). The state court's determination of the facts is unreasonable if the state court plainly misapprehends the record in making its factual findings and the misapprehension goes to a factual issue that is central to the claim. *Wiggins*, 539 U.S. at 528.

Lastly, I note that Muniz is a pro se litigant, so I must construe his pleadings liberally and hold them to a less stringent standard than is required of a party represented by counsel. *See Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Liberal construction requires courts to make some allowance for a pro se litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.*

## DISCUSSION

Muniz raises a number of claims that may be divided into three categories.[5] First, he alleges that Perkins failed to continue the trial so he could conduct interviews and "abandoned" Muniz by withdrawing from the case.[6] (Doc. 1 at 6, 10). Second, he alleges Lopez provided

---

[5] I have reordered these claims for the sake of clarity. Muniz's petition contains six numbered grounds for relief, but many of them overlap or contain multiple claims. (Doc. 1 at 5-11.)

[6] Respondents did not interpret the petition as containing allegations relating to Perkins' performance. (Doc. 10 at 7-9.) The wording of Muniz's petition is unclear, and he only refers to "counsel" and does not specify the precise attorney against whom he is complaining. Since Muniz's allegations are contained in a paragraph that mentions Perkins at length, I will liberally construe this as raising allegations against Perkins.

ineffective assistance of counsel by: (1) failing to perfect an appeal; (2) negotiating a plea agreement with an appellate waiver despite Muniz's request for no such language; (3) denying Muniz the "right of allocution" by prohibiting him from delivering his letter to Judge Quintero; and (4) taking over his defense in order to induce a plea because he was "in collusion" with Newell. (*Id*. at 5-11.) Third, he alleges Newell engaged in prosecutorial misconduct by intentionally appointing Lopez to Muniz's case to ensure that he would plead guilty and filing a motion to dismiss a state's witness that would be favorable to Muniz's case. (*Id*. at 8-11.)

Before I may consider Muniz's claims, I must address the matters of exhaustion and procedural bars in order to determine which claims are properly before me. I will then discuss why an evidentiary hearing in this matter is not warranted but the expansion of the record to consider two additional exhibits, the letter to Judge Quintero and Wilson's statement, is permissible. Only then will I address the merits of Muniz's claims.

## I.    Exhaustion, Procedural Bars, & Mixed Petitions

A federal habeas petitioner must give the state courts a fair opportunity to act on his claims prior to filing in federal court in order to satisfy the exhaustion requirement. *See* 28 U.S.C § 2254(c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). To provide the state court with a fair opportunity, the petitioner must "'fairly present' his claim in each appropriate court." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). Known as the presentation requirement, this doctrine requires that the petitioner invoke one complete round of the state's appellate review process. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Thacker v. Workman*, 678 F.3d 820, 839 (10th Cir. 2012). The state bears the initial burden of asserting exhaustion as a defense, but, once pled, the petitioner bears the burden of showing that he has exhausted all available state

court remedies. U.S. R. Gov'g 2254 Cases 5(b); *Picard*, 404 U.S. at 275-76; *Hernandez v. Starbuck*, 69 F.3d 1089, 1091-92 (10th Cir. 1995).

When a petitioner has failed to fulfill the exhaustion requirement, a court will generally dismiss the petition without prejudice to allow the petitioner to exhaust his state remedies. *Demarest v. Price*, 130 F.3d 922, 939 (10th Cir. 1997). However, this disposition "is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds." *Smallwood v. Gibson*, 191 F.3d 1257, 1267 (10th Cir. 1999).

A claim is procedurally defaulted for purposes of federal habeas review if the petitioner does not obtain timely review of the trial court decision by the New Mexico Supreme Court. *Watson v. New Mexico*, 45 F.3d 385, 387 (10th Cir. 1995); *Ballinger v. Kerby*, 3 F.3d 1371, 1374 (10th Cir. 1993). When the New Mexico Supreme Court denies a petition as untimely, without considering the merits, it is an independent and adequate state ground for denying relief. *Watson*, 45 F.3d at 387. Federal habeas review of such a claim "is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

When a petition for habeas corpus contains exhausted and unexhausted claims, this is considered a "mixed petition." *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). The Tenth Circuit has stated that courts have four options when presented with mixed petitions:

> (1) dismiss the mixed petition in its entirety; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit.

*Fairchild v. Workman*, 579 F.3d 1134, 1156 (10th Cir. 2009) (citations omitted).

Muniz has presented the court with a mixed petition, in that it contains exhausted claims and unexhausted claims, in addition to procedurally barred claims. All of the claims brought in Muniz's direct appeal have been exhausted since they have been through a complete round of review. *See Banks v. Workman,* 692 F.3d 1133, 1140 (10th Cir. 2012). This includes his claims that Lopez was ineffective for denying Muniz the "right of allocution" by prohibiting him from delivering his letter to Judge Quintero and colluding with Newell to "induce" him into taking a plea. (*See* Doc. 10 at 12; Doc. 10 Ex. P at 7; Doc. 10 Ex. R at 7; Doc. 10 Ex. T at 6.) Likewise, he has exhausted his claim that Newell committed prosecutorial misconduct by engineering Lopez's appointment as defense counsel and colluding with him to induce a guilty plea.

In his state habeas petition, Muniz raised the claims included in his direct appeal, in addition to the following: (1) Perkins was ineffective when he failed to continue the trial; (2) Lopez was ineffective for failing to perfect an appeal; and (3) Newell committed prosecutorial misconduct by withdrawing a witness favorable to Muniz's defense. (Doc. 10 Ex. Z at 5-8.) Because he did not timely petition for a writ of certiorari, Muniz's state habeas petition is procedurally barred. He has offered no argument to demonstrate cause for his default, *see Coleman*, 501 U.S. at 750, so I find that claims only contained in his state habeas and not his direct appeal are procedurally defaulted for purposes of federal habeas review and will not be considered here, *see Watson*, 45 F.3d at 387; *Ballinger*, 3 F.3d at 1374.

In addition to his procedurally defaulted claims, this federal petition raises two claims for the first time. Muniz asserts that Perkins abandoned him and that Lopez provided ineffective assistance by negotiating a plea agreement that contained an appellate waiver. While both of these claims are unexhausted, I will consider them in conjunction with the exhausted claims since they may be denied on the merits.

## II.      Denial of an Evidentiary Hearing

Under 28 U.S.C. § 2254(e)(2), a federal district court may not conduct "an evidentiary hearing on a habeas claim that petitioner failed to develop in state court." *Young v. Sirmons*, 486 F.3d 655, 679 (10th Cir. 2007). "Although not an absolute prerequisite, a petitioner typically must request an evidentiary hearing in state court." *Fairchild*, 579 F.3d at 1145; *see also id.* (holding that a petitioner fails to develop his claim when he does not diligently seek an evidentiary hearing at the state court level, or is otherwise at fault). Requesting a hearing alone may not be enough, though, and the court should "look to a petitioner's efforts to develop facts in compliance with state law." *Fairchild,* 579 F.3d at 1145 (citing *Barkell v. Crouse*, 468 F.3d 684, 694 (10th Cir. 2006)).

If the petitioner is diligent and is not at fault for the failure, the court must apply the less-rigorous pre-AEDPA standards to determine whether a hearing is warranted. *Littlejohn v. Trammell*, 704 F.3d 817, 857 (10th Cir. 2013). Under this lesser standard, the federal court may grant a hearing on petitioner's ineffective assistance of counsel claim "so long as his allegations, if true and not contravened by the existing factual record, would entitle him to habeas relief." *Young*, 486 F.3d at 679 (quoting *Hammon v. Ward,* 466 F.3d 919, 927 (10th Cir. 2006)). Alternatively, if the petitioner requests a hearing in federal court and the State fails to challenge the petitioner's diligence, the diligence challenge is waived, and the petitioner will be entitled to an evidentiary hearing. *See Littlejohn*, 704 F.3d at 858.

In the present matter, Muniz has not requested an evidentiary hearing.[7] (*See generally* Doc. 1.) While I need not evaluate whether a hearing is warranted, for the sake of thoroughness, I note that Muniz was not diligent in his state proceedings, so holding an evidentiary hearing

---

[7] Respondents did not discuss whether Muniz was diligent in obtaining a hearing throughout his state court proceedings. (Doc. 10.) However, this cannot constitute waiver, since Muniz has not raised the issue of a hearing.

would not be appropriate. Muniz did ask for a hearing in his state habeas proceeding once, but he procedurally defaulted on those proceedings. If he was not diligent in litigating his claims, I cannot conclude that he diligently developed the factual basis for his claims.

## III.   Consideration of Additional Exhibits

Muniz attached a copy of his letter to Judge Quintero and a statement from Wilson regarding the alleged collusion between Newell and Lopez to his present petition. (Doc. 1 Ex. 1 at 11, 13.) The state district court expressly refused to consider evidence outside of the evidence already present in the record (*see* Doc. 10 Ex. O at 5 (first proposed summary disposition); Doc. 10 Ex. R. at 8 (second proposed summary disposition); Doc. 10 Ex. T at 6 (adopting reasoning in first and second notices of proposed summary disposition)), so these exhibits were not considered by the state court when evaluating his claims. Muniz did not object to the state court's narrow consideration and only requested that he be allowed to raise the issues in a collateral proceeding if the court found that his claim relies on facts not contained in the record. (Doc. 10 Ex. P at 11.) These exhibits were included in the state habeas case, but Muniz procedurally defaulted on this case and the claims contained therein are not before me today.

I must consider whether I may now consider the additional exhibits in reviewing the state court's decision when they were not part of the state court's review of the record. The Court may act sua sponte or a petitioner may move to expand the record to include additional evidence. *See* U.S. R. Gov'g 2254 Cases 7. However, the expansion of the record is subject to the same restrictions as those for evidentiary hearings. *Holland*, 542 U.S. at 653; *Cargle v. Mullin*, 317 F.3d 1196, 1209 (10th Cir. 2003). I do not believe that Muniz acted with sufficient diligence to present his additional exhibits to the court. He was aware of Wilson's conversation with Newell and his undelivered letter to Judge Quintero when he filed his direct appeal, but he made no

attempt to have these exhibits considered. Although he did include them in his state habeas petition, as previously noted, his procedural default in that case evinces a lack of diligence in developing the factual record.

In the hearing context, if the state does not raise a diligence argument, it is waived, and *Holland* instructs me to apply the rules governing hearings to the expansion of the record. While Muniz did not explicitly request an evidentiary hearing, I may construe his petition as requesting an expansion of the record to include the letter and the statement from Wilson. Muniz attached these exhibits to his present petition and references them in his legal arguments, which implies that he is moving to admit these exhibits. Respondents' answer does not challenge the admission of these exhibits, so I consider the diligence argument waived. I will admit the exhibits into the present record.

The inclusion of these two exhibits will have only a limited effect on my analysis. When a court proceeds with an evidentiary hearing, the evidence obtained at the hearing is inadmissible to determine whether a claim adjudicated on the merits in state court was contrary to or an unreasonable application of clearly established law. *Black*, 682 F.3d at 895 (citing *Pinholster*, 131 S. Ct. at 1398). Specifically, the Supreme Court recently held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 131 S. Ct. at 1398. Moreover, the language of § 2254(d)(2) indicates that the same is true of review under that subsection. 28 U.S.C. § 2254(d)(2) (stating that relief may only be granted if the state court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."). All of Muniz's existing exhausted claims were considered on their merits in state court. Thus, in determining whether the state court's decision as to each claim was contrary to a

then-established law, an unreasonable application of the law to the facts of the case, or an unreasonable determination of the facts, I am limited to considering the facts that were before the state court at the time of its decision. *See Pinholster*, 131 S. Ct. at 1399. However, if the state court decision was contrary to law or based on a misapprehension of the facts, I may consider the additional exhibits.

## IV.    Review of Unexhausted Claims

As this is a mixed petition, I will first review the unexhausted claims de novo, which I recommend that the Court dismiss on the merits. *Fairchild*, 579 F.3d at 1156 (holding that a court may ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's unexhausted claims has any merit).

### A.   Right to Counsel

Muniz contends that that Perkins "abandoned" him when he withdrew from the case, and I construe this as a claim that his right to counsel was violated. The Sixth Amendment to the Constitution guarantees that all criminal defendants will be afforded legal counsel. U.S. CONST. amend. VI. The court will appoint counsel for an indigent criminal defendant in order to meet this constitutional requirement. *See Gideon v. Wainwright*, 372 U.S. 335, 342-43 (1963). This circuit has recognized that

> While . . . the right to choose and be represented by one's preferred attorney is encompassed by the Sixth Amendment, the Supreme Court reminds us that the "essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."

*United States v. Mendoza-Salgado*, 964 F.2d 993, 1015 (10th Cir. 1992) (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)). Thus, the right to counsel does not guarantee that a

defendant has a right to choose his or her own counsel. *Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989); *Wheat*, 486 U.S. at 159.

Muniz's allegation that Perkins "abandoned" him implies that Perkins specifically had a constitutional duty to represent him. While Muniz had a clear right to counsel, he did not have the right to representation by Perkins. The state court immediately provided alternative counsel and satisfied its constitutional obligation. Muniz's allegations do not state a clear claim, and I recommend that this claim be dismissed on the merits.

### B. Ineffective Assistance of Counsel: Appellate Waiver

Muniz's second unexhausted claim is that Lopez provided ineffective assistance of counsel when he negotiated a plea agreement that contained an appellate waiver even though he knew that Muniz wanted to "pursue any and all appeals." (Doc. 1 at 7.) To establish ineffective assistance of counsel, a habeas petitioner must satisfy a two-part test. First, he must show that counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Judicial scrutiny of counsel's performance is highly deferential; thus, the petitioner must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. Second, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* at 694. When a plea agreement is at issue, to show prejudice the defendant must demonstrate that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Muniz does not claim that he was unaware of the inclusion of the waiver at the time he agreed to it, nor does he state that he did not understand it. In fact, at the plea hearing, Muniz

stated that he had read the plea agreement, understood it, and had discussed it with Lopez "extensively." (Doc. 10 Ex. AA; HT at 8.) Muniz's basis for a constitutional deficiency ultimately rests on the fact that the final plea agreement contained a term he did not like.

To be clear, appellate and collateral attack waivers do not pose any constitutional challenges when they are entered into knowingly and voluntarily. *See United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181-82 (10th Cir. 2001) (citing *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1988)). Not only are appellate waivers constitutional, they are common practice. *See* Nancy J. King & Michael E. O'Neill, *Appeal Waivers and the Future of Sentencing Policy*, 55 DUKE L.J. 209, 212 (2005) (sampling 971 felony pleas across that nation in 2003 and finding that two-thirds included an appellate waiver); Robert K. Calhoun, *Waiver of the Right to Appeal*, 23 HASTINGS CONST. L. Q. 127, 129 (1995) (explaining that requiring a defendant to waive appellate rights is an increasingly common condition of plea agreements).

Since appellate waivers are generally acceptable, Muniz must demonstrate that the inclusion of the waiver was against his will or knowledge, *see Chaves-Salais*, 337 F.3d at 1172, and that had he known about it he would not have pled guilty, *see Lockhart*, 474 U.S. at 59. He does not makes such allegations; the crux of his argument is only that Lopez should have negotiated the agreement he wanted as opposed to the one that he got. Muniz knew to what he was agreeing, and if he did not find the terms acceptable, then he should not have accepted them. Even if I believe that Lopez knew his client's wishes, there is no constitutional deficiency since Muniz freely and voluntarily accepted the terms of the plea.

**V.      § 2254 Deferential Review of Exhausted Claims**

The state court reached the merits of Muniz's remaining claims when it considered his direct appeal, so I will apply AEDPA's deferential standard of review to these claims. *See Webber v. Scott*, 390 F.3d 1169, 1174 (10th Cir. 2004).

*A.   Right of Allocution*

Muniz argues that Lopez denied him the "right of allocution" when Lopez prohibited him from providing Judge Quintero with a letter explaining his belief that Newell and Lopez were conspiring against him. (Doc. 1 at 7.) From the outset, I note that Muniz seems confused as to the meaning of the right of allocution. The right of allocution refers to the right of a criminal defendant to address the court in mitigation of his sentence, and it is only violated when the court, not counsel, refuses to listen. *United States v. Mendoza-Lopez*, 669 F.3d 1148, 1151 (10th Cir. 2012). Here, Muniz had the opportunity to speak to the court during his plea and sentencing hearing, but he declined to discuss with Judge Quintero his concerns about Lopez's representation. (HT 8-11.) Given these clear facts, the state court's denial of this claim on the merits is reasonable.

Under liberal construction rules, I interpret Muniz's statements as alleging that Lopez's performance was deficient when he prevented Muniz from delivering his letter to Judge Quintero. However, even if I articulate the claim using an ineffective assistance of counsel framework, there is no showing that Muniz was prejudiced by Lopez's actions. The state court concluded that based on the record before it, Muniz failed to show that but for Lopez's deficiencies, he would have gone to trial. (Doc. 10 Ex. R at 9.) It is well settled that a petitioner's self-serving statement that he would have rejected a plea offer and gone to trial is insufficient to establish prejudice; there must be objective evidence to support the allegation. *See Miller v.*

*Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001); *cf. United States v. Morris*, 106 F. App'x 656, 659 (10th Cir. 2004) (unpublished) (holding a petitioner's claim that he would have taken a plea but for counsel's deficient performance is insufficient). While such an allegation is necessary to support a constitutional claim, the court must "look to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." *Miller*, 262 F.3d at 1072. The state court's determination of the facts in the record and the application of the law is wholly reasonable, so Lopez's interception of the letter cannot be the basis of habeas relief.

      B.   *"Collusion" with the District Attorney to "Induce" a Plea*

      Muniz alleges that Lopez provided ineffective assistance of counsel because Lopez was "in collusion" with the district attorney to "induce" him to plead guilty. "The Due Process Clause of the Fourteenth Amendment requires that a defendant knowingly and voluntarily enter a plea of guilty." *Fields v. Gibson*, 277 F.3d 1203, 1212-13 (10th Cir. 2002) (citing *Boykin v. Alabama*, 395 U.S. 238, 242 (1969); *Miles v. Dorsey*, 61 F.3d 1459, 1465 (10th Cir. 1995)). Coercion by the accused's counsel to enter a plea renders a plea involuntary and is a violation of due process. *United States v. Estrada*, 849 F.2d 1304, 1306 (10th Cir. 1988). Coercion is not the same as inducement or persuasion, and an attorney's strong urging that a client plead guilty because he or she believes it is in the client's best interest is not a due process violation. *Fields*, 277 F.3d at 1216; *see also United States v. Jones*, 361 F. App'x 969, 971 (10th Cir. 2010) (unpublished) (holding that petitioner's claim that his attorney persuaded him to plead guilty does not state a cognizable ineffective assistance of counsel claim).

      Essentially, Muniz has alleged that Lopez's deficient performance was that he "induced" him to plead guilty, and that the resulting prejudice was an involuntary plea. I note from the outset that Muniz does not actually claim that he was forced or threatened into accepting the plea

agreement, only that he was "induced" into pleading. Since inducement is not a basis for a constitutional violation, Muniz has not raised a cognizable claim.

Liberally construing his claim and interpreting inducement to mean coercion still does not help Muniz because the state court found that Muniz's plea was knowing and voluntary, so there was no prejudice. Relying on the plea and sentencing hearing, the state court concluded that Muniz "voluntarily and knowingly entered the plea; he was advised by counsel of the consequences of the plea . . . ; and the district court approved the plea agreement." (Doc. 10 Ex. O at 3.) The court noted that Muniz did not inform the court of his misgivings at any time, nor did he ask the court at a later date to set aside the plea. (*Id.*) Although I need not consider the additional exhibits, even they cannot support Muniz's claim. Muniz learned of the alleged collusion to induce the guilty plea prior to the hearing, but he still proceeded to enter his plea without informing the judge of his suspicions. The record is devoid of any evidence, outside of Muniz's self-serving allegations, that Lopez would have refused to properly litigate his case should he refuse to plead guilty. The state court's interpretation of the facts surrounding the voluntariness of the plea is reasonable, as is its application of the law.

### C.  Prosecutorial Misconduct

Muniz's final claim is an extension of his collusion theory—Newell allegedly engaged in prosecutorial misconduct by violating Muniz's due process rights and forcing him to plead guilty. The state court did not specifically discuss this claim, but it did acknowledge that it had been raised, and it addressed the matter through its discussion of the voluntariness of Muniz's plea. Since I must assume that even summary dismissal of a claim is a decision on the merits, *see Harrington*, 131 S. Ct. at 785, I assume that this claim was also analyzed on the merits and apply AEDPA's deferential standard.

Prosecutorial misconduct can result in constitutional error subject to habeas review when it prejudices a specific constitutional right such that it amounts to a denial of that right. *See DeRosa v. Workman*, 679 F.3d 1196, 1222 (10th Cir. 2012) (citing *Mathews v. Workman*, 577 F.3d 1175, 1186 (10th Cir. 2009)). As discussed previously, the core of Muniz's claim is that Newell and Lopez conspired to force Muniz to plead guilty against his will, violating his right to due process. The record before the state court was devoid of any evidence to suggest that Muniz's plea was involuntary, so Newell could not have engaged in unconstitutional coercion. Furthermore, even if I consider the letter and Wilson's statements, there is no evidence to suggest that Newell could have actually appointed Muniz's defense attorney. Since the state court's determination that Lopez's plea was voluntary is reasonable, and since there is no evidence to show that Newell could have actually arranged for Lopez to represent Muniz, there is no merit to Muniz's allegation.

## CONCLUSION

For the foregoing reasons, I recommend that the Court deny Muniz's petition for a writ of habeas corpus pursuant to § 2254 (Doc. 1) and dismiss this case with prejudice. I also recommend that a certificate of appealability not be issued. *See* 28 U.S.C. § 2253(c).

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

William P. Lynch
United States Magistrate Judge