IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL MUNIZ,

      Petitioner,

v.                                                  CV 13-477 JAP/WPL

JOSEPH GARCIA, Warden, and
GARY K. KING, New Mexico
Attorney General,

      Respondents.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (DOC. 13), DENYING
MUNIZ'S MOTION FOR AN EVIDENTIARY HEARING (DOC. 14), DENYING
MUNIZ'S SECOND MOTION FOR APPOINTMENT OF COUNSEL (DOC. 17),
DISMISSING THIS CASE WITH PREJUDICE, AND DENYING A CERTIFICATE OF
APPEALABILITY**

      This matter is before the Court on Magistrate Judge William P. Lynch's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 13) and Daniel Muniz's objections thereto (Doc. 20). The PFRD recommended that the Court deny Muniz's petition for a writ of habeas corpus under 28 U.S.C. § 2254, dismiss the case with prejudice, and decline to issue a certificate of appealability. (Doc. 13 at 22.) Having conducted a de novo review, the Court finds the objections to be without merit for the reasons set forth below. The Court also denies Muniz's motion for an evidentiary hearing (Doc. 14) and second motion for appointment of counsel (Doc. 17).

      **I.**      **Objections to Factual and Procedural Background**

      Muniz asserts several objections to the factual and procedural predicates outlined in the PFRD. (Doc. 20 at 1-5.) First, Muniz contests the statement in the PFRD that attorney William

Perkins "withdrew" from his case (Doc. 13 at 1-2), instead claiming that Perkins simply "did not continue." (Doc. 20 at 1-2.) The Court overrules this objection as a distinction without a difference. As the Magistrate Judge noted, Muniz received David Lopez as his new attorney upon Perkins' departure, fulfilling the Sixth Amendment right to counsel. (Doc. 13 at 16; *see United States v. Mendoza-Salgado*, 964 F.2d 993, 1015 (10th Cir. 1992) (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988))).

Next, Muniz objects to the Magistrate Judge's characterization of his response as "affirmative" to the state trial judge's question about whether Muniz wished to relinquish certain constitutional rights and proceed with the plea agreement. (Doc. 20 at 2.) Muniz claims that his reply, "I don't wish to, but I'll agree with it," indicated that his decision was not by choice. (*Id.*) The state district judge, Judge Quintero, asked that Muniz rephrase his response and ultimately found that Muniz's pleas were made "knowingly, voluntarily, and intelligently." (Hearing Transcript ("HT") at 10-11.) The New Mexico Court of Appeals confirmed Muniz's convictions, finding that his pleas were indeed voluntary. (Doc. 10 Ex. T at 41-42; *see* Doc. 10 Ex. O at 71.) Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this Court shall not grant a writ of habeas corpus unless the state court proceedings

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2012). Upon conducting de novo review of the state court proceedings, this Court agrees with the Magistrate Judge that it was not unreasonable for the state court to find that Muniz entered his pleas voluntarily. (*See* Doc. 13 at 21.) Therefore, Muniz's objection to the characterization of his plea response as "affirmative" is without merit and overruled.

Muniz objects to the Magistrate Judge's statement that Muniz never requested that the state district court set aside his plea. (Doc. 20 at 2.) He further objects to the Magistrate Judge's conclusion that he waived his right to appeal the sufficiency of the evidence to support his plea agreement. (*Id.*) Muniz claims that he had "no idea" that he could ask the state district court to set aside his plea. (*Id.*) However, a legal maxim provides that "ignorance of the law will not excuse any person." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581 (2010) (citation omitted). Muniz's ignorance of his right to ask the state district court to set aside his plea is no excuse for his failure to do so. Rather than objecting to the Magistrate Judge's assertion itself, Muniz provides excuses for his own lack of action.

Furthermore, Muniz reveals his confusion with regard to the Magistrate Judge's conclusion that Muniz waived his "right to appeal the sufficiency of the evidence." (Doc. 13 at 4.) Muniz states that he had asked his attorneys whether he could adjust the words in the plea agreement to include "does not wish to waive right to appeal," to which he claims that his attorneys told him no. (Doc. 20 at 2.) Yet the waiver to which the Magistrate Judge referred was not the right to appeal as a general matter; rather, as the New Mexico Court of Appeals explained, Muniz only waived "his right to appeal the sufficiency of the evidence in support of his convictions." (Doc. 10 Ex. O at 3 (citing *State v. Hodge*, 882 P.2d 1, 5 (N.M. 1994) (holding that a defendant who enters a valid plea may not challenge the sufficiency of the evidence in support of the convictions on appeal unless he expressly reserved the right to do so in a conditional plea).) Indeed, Muniz had the right to appeal his convictions and in fact did appeal. (*See* Doc. 10 Ex. T.) His appeal was limited only in the sense that he did not enter a conditional plea that would permit his appeal based on the sufficiency of the evidence presented in state

3

district court. (*See* HT.) Therefore, this Court overrules Muniz's objections as to the factual underpinnings of his plea and appeal.

Muniz next objects to the Magistrate Judge's discussion of the New Mexico Court of Appeals ruling on the merits without having before it the letter from Sandy Wilson and the letter from himself to Judge Quintero. (Doc. 20 at 3-4.) Muniz claims that his appellate counsel, Eleanor Brogan, should have introduced the letter from Wilson but failed to do so, advising that Muniz could only introduce the material in a collateral action. (Doc. 20 at 3.) Muniz requests that this Court explain when a petitioner can present new evidence to challenge a conviction. (*Id.* at 4.) As a preliminary matter, this Court agrees with the Magistrate Judge's presentment of information regarding the state appellate court's ruling. (Doc. 13 at 5.) Pursuant to New Mexico law, a state court of appeals can only look at the state district court record for facts necessary to review the district court's legal conclusions. *See Nix v. Times Enterprises, Inc.*, 498 P.2d 683, 686 (N.M. Ct. App. 1972); *Richardson Ford Sales v. Cummins*, 393 P.2d 11, 12 (N.M. 1964). Thus, Muniz's counsel was correct that Muniz could not introduce Wilson's letter or his own letter to Judge Quintero at the state direct appeal stage.

Muniz could, however, introduce new evidence at an evidentiary hearing in a state habeas action before a state district court to address his ineffective assistance of counsel claims. *See State v. Roybal*, 54 P.3d 61, 67 (N.M. 2002); *State v. Powers*, 800 P.2d 1067, 1070 (N.M. Ct. App. 1990). Indeed, Muniz did request in his district court state habeas petition that the court allow him "to introduce any evidence that the appellate court could review, and now . . . to have any evidence or exibits [sic] entered into record." (Doc. 10 Ex. Z at 10.) The state district court reviewed Muniz's plea and hearing transcript, declined to hold an evidentiary hearing, and denied the action. (Doc. 10 Ex. AA.) This Court agrees with the Magistrate Judge's

representation of these procedural facts at the state court level (Doc. 13 at 4-6) and therefore overrules Muniz's objections. The Court addresses later in this order whether Muniz is entitled to an evidentiary hearing in his federal habeas proceeding.

Muniz next objects to the state appellate court's conclusion that the plea was strategic—resulting in the dismissal of his first-degree felony charges—thus undermining Muniz's claim for ineffective assistance of counsel. (Doc. 20 at 4.) This objection raises a new issue not addressed in Muniz's complaint. (*See* Doc. 1.) Pursuant to *Marshall*, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, the Court finds this objection to be without merit, and it is overruled.

Muniz also objects to the absence of any mention in the PFRD of his purported inquiry sent to the state district court on September 9, 2012, regarding the status of his habeas proceeding. (Doc. 20 at 4-5.) He claims that the Magistrate Judge's failure to include this point results in "a concealment of a known substance by the respondents." (*Id.* at 5.) There is no evidence in the record showing that Muniz took such action to monitor his habeas proceeding, and the Court therefore agrees with the Magistrate Judge's summary of the factual proceedings.

Finally, Muniz objects to the Magistrate Judge's statement that Muniz did not file a reply to Respondents' answer. (*Id.*; *see* Doc. 13 at 6.) Muniz did file a reply on August 13, 2013 (Doc. 15), but this was after the PFRD was filed on July 26, 2013 (Doc. 13). Muniz claims that while Respondents were given thirty days to answer (Doc. 5), the Magistrate Judge did not provide him with a due date for his reply. (Doc. 20 at 5.) The Magistrate Judge was under no obligation, however, to provide Muniz with a due date for a reply; nor do the Local Rules for the District of New Mexico provide a timeline. Rather, the Rules Governing § 2254 cases state that "[t]he

petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." U.S. R. GOV'G 2254 CASES 5(b); *cf. United States v. Crittenton*, No. 07-3770, 2008 WL 343106, at *2 (E.D. Pa. Feb. 7, 2008) (unpublished) (reaffirming that § 2255 habeas petitioners are not absolutely entitled to a reply). The Magistrate Judge did not err in filing a PFRD without providing Muniz with a due date for a reply.

## II.     Objections to Standard of Review

Muniz objects to the Magistrate Judge's application of AEDPA to this case. (Doc. 20 at 6.) He claims that he is a "natural born citizen" of the United States, has never been accused of terrorism, and is not on death row. (*Id.*) Muniz's objection highlights a fundamental misunderstanding about the application and reach of AEDPA. AEDPA amended federal habeas proceedings on a broad level, including those proceedings involving federal relief from state custody. *See* Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). As Muniz is challenging his state custody in federal court, AEDPA applies to him. The Court therefore finds this objection to be without merit.

## III.    Objections to Discussion

Muniz objects to the Magistrate Judge's finding that those claims brought only in his untimely habeas petition for writ of certiorari and not on direct appeal are procedurally defaulted for purposes of federal habeas review. (Doc. 20 at 6; *see* Doc. 13 at 12.) Muniz claims that the state district court failed to notify him of its denial of his habeas claim until the last day on which he could file a petition for a writ of certiorari with the Supreme Court of New Mexico. (Doc. 20 at 6). The state district court issued its denial on September 19, 2013 (Doc. 10 Ex. AA), while Muniz insists that he did not receive notice of the denial until October 19, 2013 (Doc. 15 at 2), the last day to file a petition for writ of certiorari with the Supreme Court of New Mexico (*see*

Doc. 1-1 at 1). Muniz asks this Court to address whether the state district court can "toll[]" for thirty days his time to file a petition for a writ of certiorari, thereby precluding his ability to petition for the writ of certiorari. (Doc. 20 at 7.) First, "tolling" is an incorrect term for the thirty-day time period Muniz claims passed between the state district court's denial of his habeas petition and the deadline to file a petition for a writ of certiorari. To "toll" means "to stop the running of; to abate." Black's Law Dictionary 1525 (8th ed. 2004). Had tolling in fact occurred for thirty days, Muniz's thirty-day time period to petition for a writ of certiorari would have begun on October 19, 2013, rather than on September 19, 2013.

The Court agrees with the Magistrate Judge that those claims brought only in the habeas petition for writ of certiorari and not on direct appeal are procedurally defaulted for purposes of federal habeas review. Under New Mexico law, "[w]ithin thirty (30) days after the district court's decision: (2) if the writ is denied, a petition for certiorari may be filed with the Supreme Court." NMRA, Rule 5-802(H). Muniz cites to the commentary for the 2009 amendments, pointing to the final paragraph, which states in part that "the amendment to Paragraph H eliminates the *deemed denied* provision that previously governed the Supreme Court's review of the denial of habeas corpus petitions under Rule 12-501 NMRA." (Doc. 15 at 12 (quoting *id.* cmt) (emphasis added).) However, this objection is without merit because Rule 12-501 precludes relief for Muniz despite the 2009 amendments. Rule 12-501(C) discusses extensions of time to file a petition as follows:

> (3) No motion for extension of time to file a petition may be granted after sixty (60) days from the time the order denying the petition is entered. If the motion is not granted within the sixty (60) days, the motion is automatically denied.

N.M. R. App. P. 12-501(C). Muniz claims that he sent a motion for an extension of time to file a petition on December 14, 2012 (Doc. 20 at 5), and later filed a petition for a writ of certiorari.

(*See* Doc. 10 Ex. BB). Pursuant to Rule 12-501(C)(3), Muniz had until November 18, 2012, to file a petition for an extension. Because Muniz waited until December 14, 2012, to send a motion, he lost his opportunity to extend; according to the rule, his motion had to be automatically denied. N.M. R. App. P. 12-501(C)(3).

When a state prisoner has defaulted procedurally in state court, federal habeas proceedings are also precluded unless the prisoner can demonstrate "cause for the default and actual prejudice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). The Court agrees with the Magistrate Judge that Muniz is barred from bringing in federal habeas proceedings those claims for which he defaulted in state court and did not address on direct appeal. (Doc. 13 at 12.) Specifically, the Court agrees with the Magistrate Judge that Muniz has failed to show "cause" for his failure to file a timely petition for writ of certiorari. (*Id.*) "[C]ause . . . must be something *external* to the petitioner, something that cannot fairly be attributed to him . . . ." *Coleman*, 501 U.S. at 753. Muniz has provided no explanation for the delay between his purported October 19, 2012, notification of the state district court's denial of his habeas petition and his alleged motion for extension to file a writ of certiorari with the New Mexico Supreme Court on December 14, 2012. Therefore, this objection is without merit and is overruled.

Muniz objects to the Magistrate Judge's statement that Muniz made no attempt to have the letter from Sandy Wilson and his own letter to Judge Quintero considered at the direct appeal stage. (Doc. 20 at 8-9.) This Court disagrees with the Magistrate Judge in that he should not have considered the apparent lack of attempts to have the letters considered as part of a diligence analysis.[1] As discussed, the state appellate court can only consider that material which was part of

---

[1] Muniz provides a copy of a letter along with his objections that shows that he did alert his appellate counsel, Eleanor Brogan, to the existence of the letter he had tried to deliver to Judge Quintero during state district court proceedings. (Doc. 20 Ex. B.) Muniz also claims that he

8

the record before the state district court. *See Nix*, 498 P.2d at 686; *Richardson Ford Sales*, 393 P.2d at 11. However, this error was harmless because the Magistrate Judge found that Respondents waived the diligence argument, admitting the letters as exhibits in the present record for consideration only if the state court decision was contrary to law or based on an unreasonable determination of the facts. (Doc. 13 at 15.)

Muniz next objects to the Magistrate Judge's reference to *Gideon v. Wainwright*, stating that the Magistrate Judge's citation to this case was problematic "because it only refers to whether a defendant has a preference of who represents him because there was no reference to a conflicting interest." (Doc. 20 at 9.) This Court agrees with the Magistrate Judge's explanation that while one has a right to an attorney for one's defense, one does not have a right to a particular, preferred attorney. (*See* Doc. 13 at 16-17.) The Court finds that the Magistrate Judge did not err in not specifically addressing the conflict of interest raised by Lopez. (*See* Doc. 20 at 9.) Upon the withdrawal of one attorney, for whatever reason, Muniz became entitled to a new attorney. *See Gideon*, 372 U.S. 335.

Muniz also objects to the Magistrate Judge's citation to Muniz's statement that he had discussed the plea agreement "[e]xtensively" with Lopez. (Doc. 20 at 9; HT at 7-8.) Muniz claims that "'[e]xtensively' should not be a conclusiory [sic] meaning of detailed." (Doc. 20 at 9.) Muniz does not explain the practical difference between these two terms and how the Magistrate Judge erred in referencing the word used by Muniz himself at the hearing. (*Id.*) Muniz claims that his response regarded discussions pertaining to why he ought to enter into a plea agreement at all, not the content of plea agreement itself. (*Id.*) Furthermore, Muniz asserts that he wanted to answer

---

spoke with Brogan on the telephone about entering the exhibits on direct appeal but was told to wait until state habeas proceedings. (Doc. 20 at 9.) Such information was not available to the Magistrate Judge prior to the filing of the PFRD.

"does not wish" to aspects of the plea agreement, but he felt that the only acceptable option was "yes." (Doc. 20 at 10.) Yet, as the Magistrate Judge discussed, the state district judge confirmed with Muniz that he had read the plea agreement, discussed it with his attorney, and understood the contents. (Doc. 13 at 17-18; HT 7-9.) The Court therefore agrees with the Magistrate Judge that Muniz freely and voluntarily entered the plea. (*See* Doc. 13 at 18.)

Muniz objects to the Magistrate Judge's discussion of the right of allocution, arguing that the state district judge asked about his health at the change of plea hearing but failed to give him the opportunity to speak on other matters such as Lopez's representation. (Doc. 20 at 11.) Muniz further argues that he never received a sentencing hearing at all. (*Id.*) He asserts that he only had a "change of plea" hearing. (*Id.*) The Tenth Circuit has found that the right to allocution is violated when the district court is unwilling to listen to the defendant or fails to invite the defendant to speak before announcing the sentence. *See United States v. Mendoza-Lopez*, 669 F.3d 1148, 1151 (10th Cir. 2012). This Court finds that the state district court judge thoroughly questioned Muniz about his knowledge and understanding of the plea agreement, providing him with ample opportunity to speak prior to reading him his sentence. (HT at 7-12.) Therefore, the state district judge did not violate Muniz's right to allocution.

With respect to Muniz's claim of a lack of a sentencing hearing, Muniz did in fact receive a sentencing hearing. Under the New Mexico Rules of Criminal Procedure for the District Courts, "[e]xcept for good cause shown, the sentencing hearing shall begin within ninety (90) days from the date the trial was concluded or the date a plea was entered." NMRA, Rule 5-701(C). The "change of plea" hearing and sentencing hearing were one and the same. The state district judge asked Muniz whether he understood the terms of the plea agreement, including sentencing (HT at 8), and later accepted his plea after ascertaining that Muniz pled guilty "knowingly, voluntarily,

and intelligently" (HT at 11). Nothing more was required for a sentencing hearing under New Mexico law. Therefore, these objections are without merit and overruled.

Muniz next objects to the Magistrate Judge's finding as "self-serving" Muniz's statements that but for Lopez's actions, he would have gone to trial. (Doc. 20 at 12; *see* Doc. 13 at 19.) In order to receive habeas relief for ineffective assistance of counsel, a petitioner must first show that counsel was constitutionally deficient, and second that the deficient representation prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to show prejudice, the petitioner must demonstrate "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

Muniz claims that the Court should consider as prejudice the "objective evidence" comprised of Sandy Wilson's letter and his own letter to Judge Quintero. (Doc. 20 at 12.) Yet this Court may not grant habeas relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). With respect to whether a state court decision is contrary to clearly established federal law, federal courts may only look at the record that was before the state court. *Cullen v. Pinholster*, ---U.S.---, 131 S. Ct. 1388, 1400 (2011). Similarly, "[e]vidence presented for the first time in federal court is not relevant to whether the state court decision was 'contrary to, or involved an unreasonable application of, clearly established Federal law." *Fairchild v. Workman*, 579 F.3d 1134, 1155 (10th Cir. 2009) (citations omitted). Only when the new evidence presents a "substantially different" issue apart from those decided by the state court may the federal court address a new claim without deference to the state court. *Id.* The New Mexico Court of Appeals, without the two letters, affirmed Muniz's convictions despite his ineffective assistance of counsel claim. (Doc. 10

Ex. T.) Upon de novo review, this Court agrees with the Magistrate Judge that the state court's application of the law to the facts on the record was not unreasonable. The Court therefore overrules the objection.

Muniz subsequently objects to the Magistrate Judge's discussion of "coercion" by counsel. (Doc. 20 at 13.) Muniz claims that the use of the word "coercion" is improper "because it dissociates the allegation of the collusion by obscuring its significance that it was an unethical action." (*Id.*) Yet the Magistrate Judge was explaining that "coercion" was necessary to demonstrate an involuntary plea, while "inducement," as argued by Muniz, was not sufficient. (Doc. 13 at 20; *see Fields v. Gibson*, 277 F.3d 1203, 1216 (10th Cir. 2002); *see also United States v. Jones*, 361 F. App'x 969, 971 (10th Cir. 2010) (unpublished).) The Court overrules this objection and agrees with the Magistrate Judge that Muniz was required to show that his counsel exerted greater force in order to render his plea involuntary.

Muniz next objects to the Magistrate Judge's finding that Newell, the prosecutor, violated his due process rights by forcing him to plead guilty. (Doc. 20 at 14.) Muniz reiterates previous factual allegations in his objection. (*Id.* at 14-15.) "[I]n the habeas context, the petitioner must establish that the prosecutor's misconduct was 'of sufficient significance to result in the denial of the [petitioner]'s right to a fair trial.'" *DeRosa v. Workman*, 679 F.3d 1196, 1122 (10th Cir. 2012) (citation omitted). As discussed previously, there is no evidence in the state record to indicate that Muniz's plea was involuntary. Therefore, Muniz could not have been denied the right to a fair trial. Thus, this Court agrees with the Magistrate Judge that this allegation should be dismissed. (Doc. 13 at 22.)

**IV.     Objections Related to and Separate Motion (Doc. No. 14) Requesting an Evidentiary Hearing.**

Finally, Muniz concludes his objections by requesting an evidentiary hearing as to the letters he claims reveal prosecutorial misconduct by Newell and ineffective assistance of counsel by Lopez. (Doc. 20 at 15.) Furthermore, Muniz also filed a separate motion to hold an evidentiary hearing and to expand the record. (Doc. 14.) The Court relies on *Cullen* for guidance and denies the motion. *See Cullen*, 131 S. Ct. 1388. The Supreme Court held in *Cullen* that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 1398. While the Court does not explicitly state what is included in the "state-court record," it does discuss whether it should consider the record as it existed through the first state habeas petition or through the second state habeas petition, including "all of the evidence that [petitioner] ever submitted in state habeas." *Id.* at 1403 n.12; *see also Calvert v. Dinwiddie*, 461 F. App'x 729, 733-34 (10th Cir. 2012) (unpublished opinion) (treating the state-court record as that which was before the court on state habeas review). These considerations imply that the Court in *Cullen* looked at both the record on direct appeal and on collateral review in deciding whether to grant habeas corpus relief. The Court was limited, however, to reviewing the last state court that decided the claims on the merits, keeping in mind that a state court is not required to provide reasons for its decision in order to be considered an "adjudication on the merits." *See Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). Thus, this Court reviews the state district habeas proceeding, which was the final state court proceeding decided on the merits, and the evidence available to that court when it addressed the case. (*See* Doc. 10 Ex. AA.) Therefore, the Court agrees with the Magistrate Judge (*see* Doc. 13 at 13-14) and denies Muniz's motion for an evidentiary hearing.

Upon denying Muniz an evidentiary hearing, this Court determines that the evidence before it and the standard of review do not warrant habeas relief. In reviewing the state-court

proceedings, this Court must be "highly deferential" to the state court rulings. *Black v. Workman*, 682 F.3d 880, 902 (10th Cir. 2012) (citation omitted). In the instant case, the state district court on habeas review provided little legal analysis to support its conclusion that Muniz's petition did not demonstrate an entitlement to relief. (*See* Doc. 10 Ex. AA.) Instead, the court focused on the voluntariness of Muniz's plea to determine that he was not entitled to habeas corpus relief. (*See id.*) Such a situation requires this Court to deny habeas relief "so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S. Ct. at 786 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). It is the petitioner's burden to show that "there was no reasonable basis for the state court to deny relief." *Id.* at 784. Muniz has failed to demonstrate the lack of a reasonable basis for the state court to deny habeas corpus relief. For example, Muniz has failed to show that "fairminded jurists" could not disagree over the voluntariness of his plea.

## V.     Second Motion for Appointment of Counsel

Muniz moves for the second time for appointment of counsel. (Doc. 17.) There is no Sixth Amendment right to appointed counsel in a federal habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). However, counsel may be appointed when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In deciding whether to appoint counsel, these factors are considered: (1) the merits of the claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present the claims, and (4) the complexity of the legal issues raised by the claims. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Muniz asserts that (1) he is indigent and cannot afford an attorney; (2) he has defaulted on a number of claims; (3) respondents have challenged his diligence in developing his claims; (4) respondents have refused to provide copies of his signed legal mail for a certain period of time; (5) because

respondents have responded that Muniz is not entitled to an evidentiary hearing, he is entitled to counsel; and (6) the Court should appoint counsel to assist him with proving his diligence in filing a timely writ of certiorari with the New Mexico Supreme Court. (Doc. 17.) Based on a review of the record, the Court concludes that Muniz appears to have understood the factual and legal issues in the case and to have represented himself in an intelligent and capable matter.  Therefore, the interests of justice do not require the appointment of counsel at this time.

IT IS ORDERED that:

1. the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 13) are adopted as an order of the Court, with the exception that Muniz's failure to enter Wilson's letter and his own letter to Judge Quintero on direct appeal are not considered by this Court as part of a diligence argument;

2. Muniz's objection and motion for an evidentiary hearing are denied (Doc. 14; Doc. 20);

3. Muniz's motion for appointment of counsel is denied (Doc. 17);

4. the petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) is denied;

5. this case is dismissed with prejudice; and

6. because Muniz has failed to make a substantial showing that he has been denied a constitutional right, a certificate of appealability is denied. *See* 28 U.S.C. § 2253(c).

*James A. Parker*
;E